IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO COLLINS,

    Petitioner,        No. CIV S-10-2795 JAM GGH P

    vs.

MULE CREEK STATE PRISON WARDEN,

    Respondent.        FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Court records indicate that petitioner filed an identical petition on December 19, 2008 (Case No. CIV S-08-3078 KJM P). On April 16, 2008, that case was re-designated a civil rights action and petitioner was instructed to file an amended complaint. On September 29, 2009, the court dismissed petitioner's amended complaint with leave to file a second amended complaint within thirty days. After plaintiff failed to timely file a second amended complaint or otherwise respond to the court's order, the court dismissed the action without prejudice on November 25, 2008. Nearly two years later, on October 15, 2010, petitioner re-filed his original habeas petition (dated December 20, 2008) in the instant action.

        In light of the prior and pending complaints, this court finds that plaintiff, in filing the instant duplicative action, has engaged in what appears to be an abuse of process. Adams v. Cal. Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (district court has discretion to

1  dismiss a duplicative action); <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989) ("reasonable
2  limitations may be placed on" litigants' "access to the courts when they abuse the judicial
3  process by repeatedly filing frivolous claims"); <u>Glick v. Gutbrod</u>, 782 F.2d 754, 757 (7th Cir.
4  1986) (court has discretion to dismiss cases where "clear pattern of abuse of the judicial process"
5  is demonstrated).  If plaintiff believed he had any colorable allegations regarding the instant
6  defendant, he could have amended his allegations in CIV S-08-3078 KJM P.  Plaintiff's failure to
7  amend his complaint when granted the opportunity, followed by an identical filing against the
8  same defendant, place an undue burden on this court.  This case should be summarily dismissed.

9       In accordance with the above, IT IS HEREBY RECOMMENDED that the
10 petition for writ of habeas corpus (Doc. #1) be dismissed with prejudice.

11      These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court.  Such a document should be captioned "Objections to Magistrate
15 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
16 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
17 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18 DATED: November 10, 2010

                                              /s/ Gregory G. Hollows

                                              GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE

22 GGH:0014
   coll2795.dup

2